Stephen M. Feldman, OSB No. 932674
SFeldman@perkinscoie.com
Kristina J. Holm, OSB No. 112607
KJHolm@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Telephone:  503.727.2000

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ADIDAS AMERICA, INC., a Delaware corporation; and ADIDAS AG, a foreign entity,<br><br>              Plaintiffs,<br><br>     v.<br><br>MARC JACOBS INTERNATIONAL, LLC, a Delaware limited liability company,<br><br>           Defendant. | No. 03:15-cv-582<br><br>**COMPLAINT**<br>(Trademark Infringement, Unfair Competition, Trademark Dilution, and Deceptive Trade Practices)<br><br>**DEMAND FOR JURY TRIAL** |

1-   COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Plaintiffs adidas America, Inc. and adidas AG (collectively, "adidas") state the following for their Complaint against Defendant Marc Jacobs International, LLC ("Marc Jacobs" or "Defendant").

## I.    INTRODUCTION

1.    For decades, adidas has manufactured, sold, and promoted apparel and footwear bearing its famous and distinctive Three-Stripe trademark (the "Three-Stripe Mark").  adidas owns numerous incontestable federal trademark registrations for its Three-Stripe Mark for apparel and footwear, and adidas has invested millions of dollars building its brand in connection with the Three-Stripe Mark.

2.    Despite Marc Jacobs's knowledge of adidas's rights in the famous Three-Stripe Mark, Marc Jacobs has engaged in designing, sourcing, manufacturing, distributing, marketing, promoting, offering for sale, and/or selling apparel bearing confusingly similar imitations of adidas's Three-Stripe Mark.  Marc Jacobs's apparel is not manufactured by adidas, nor is Marc Jacobs connected or affiliated with, or authorized by, adidas in any way.  Marc Jacobs's merchandise is likely to cause confusion, deceive the public regarding its source, and dilute and tarnish the distinctive quality of adidas's Three-Stripe Mark.

3.    This is an action at law and in equity for trademark infringement and dilution, unfair competition, and deceptive trade practices, arising under the Trademark Act of 1946, 15 U.S.C. §§ 1051, *et. seq.* (2009); the anti-dilution laws of several states; the fair business practices and unfair and deceptive trade practices acts of several states; and the common law. Among other relief, adidas asks this Court to:  (a) permanently enjoin Marc Jacobs from marketing or selling apparel bearing confusingly similar four-stripe imitations of the Three-Stripe Mark; (b) award adidas statutory and/or monetary damages and to treble any monetary damages award; (c) require Marc Jacobs to disgorge all profits from sales of the infringing apparel; and (d) award adidas punitive damages, attorneys' fees, and costs.

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

LEGAL125577586.1

## II.    JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction under section 39 of the Lanham Act, 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338.  Subject matter jurisdiction over adidas's related state and common law claims is proper pursuant to 28 U.S.C. §§ 1338 and 1367.

5.      This Court has personal jurisdiction over Marc Jacobs because, on information and belief, (a) Marc Jacobs has marketed, distributed, offered for sale, and/or sold to persons within the State of Oregon, (b) Marc Jacobs regularly transacts and conducts business within the State of Oregon; and/or (c) Marc Jacobs otherwise has made or established contacts within the State of Oregon sufficient to permit the exercise of personal jurisdiction.

6.      The District of Oregon is a proper venue pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the acts or omissions giving rise to adidas's claims occurred in this District.

## III.    PARTIES

7.      Plaintiff adidas AG is a joint stock company organized and existing under the laws of the Federal Republic of Germany, having its office and principal place of business at Postach 11230, D-91072 Herzogenaurach, Federal Republic of Germany.

8.      Plaintiff adidas America, Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 5055 N. Greeley Avenue, Portland, Oregon 97217.  adidas America, Inc. directs all U.S.-based operations on behalf of adidas AG, including sales, brand marketing, product marketing, product design, public relations, distribution, enforcement, and licensing of and for ADIDAS-branded merchandise, including goods bearing the distinctive Three-Stripe Mark.  adidas AG and adidas America, Inc., as well as any predecessors or related entities, are collectively referred to as "adidas."

9.      On information and belief, Defendant Marc Jacobs International, LLC is a Delaware limited liability company, having a principal place of business at 72 Spring Street, 2nd Floor, New York, New York 10012.

3-   COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

LEGAL125577586.1

IV.    FACTS COMMON TO ALL CLAIMS FOR RELIEF

A.    adidas's Famous Three-Stripe Mark

10.    adidas is currently, and for years has been, one of the world's leading manufacturers of athletic footwear, sportswear, and sporting equipment.  Over sixty (60) years ago, adidas first placed three parallel stripes on its athletic shoes, and the Three-Stripe Mark came to signify the quality and reputation of adidas footwear to the sporting world early in the company's history.

11.    At least as early as 1952, adidas began using its Three-Stripe Mark on footwear sold in the United States and worldwide.  The Three-Stripe Mark quickly came to signify the quality and reputation of adidas footwear.  Pages from adidas catalogs featuring examples of footwear bearing the Three-Stripe Mark are attached as **Exhibit 1**.

12.    At least as early as 1967, adidas began using the Three-Stripe Mark on apparel sold in the United States and worldwide.  Examples of adidas apparel bearing the Three-Stripe Mark are depicted on the following pages, and pages from adidas catalogs featuring additional examples of apparel bearing the Three-Stripe Mark are attached as **Exhibit 2**.

13.    adidas is the owner of a federal trademark registration, Reg. No. 2,058,619, issued by the PTO on May 6, 1997, for the Three-Stripe Mark, as depicted below, for "sports and leisure wear, namely shirts."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable.  A copy of the Certificate of Registration for this mark is attached as **Exhibit 3**.

4-   COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

14.     adidas is the owner of a federal trademark registration, Reg. No. 3,029,127, issued by the PTO on December 13, 2005, for the Three-Stripe Mark, as depicted below, for "clothing, namely, T-shirts, sweatshirts, jackets and coats."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable.  A copy of the Certificate of Registration for this mark is attached as **Exhibit 4**.

15.     adidas is the owner of a federal trademark registration, Reg. No. 3,087,329, issued by the PTO on May 2, 2006, for the Three-Stripe Mark, as depicted below, for "clothing, namely, shirts, T-shirts, sweatshirts, vests, jackets and coats."



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable.  A copy of the Certificate of Registration for this mark is attached as **Exhibit 5**.

16.     adidas is the owner of a federal trademark registration, Reg. No. 2,278,591, issued by the PTO on September 21, 1999, for the Three-Stripe Mark, as depicted below, for "sports and leisure wear, namely shorts."

5-   COMPLAINT



Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable.  A copy of the Certificate of Registration for this mark is attached as **Exhibit 6**.

17.    adidas also owns numerous additional trademark registrations for the Three-Stripe Mark covering apparel (Reg. Nos. 870,136, 2,016,963, 2,284,308, 3,063,742, 3,063,745, 3,183,656, and 3,236,505).  A copy of the Certificate of Registration for each of these marks is attached collectively as **Exhibit 7**.

18.    Additionally, adidas owns federal registrations for verbal trademarks using the term "3 stripes" including THE BRAND WITH THE 3 STRIPES, Reg. No. 1,674,229, for "sport and leisure wear."  Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable.  A copy of the Certificate of Registration for this mark is attached as **Exhibit 8**.

19.    adidas's Three-Stripe Mark is well-known and famous and has been for many years.  adidas has used the Three-Stripe Mark in connection with its frequent sponsorship of musical artists, including pop-stars Katy Perry and Selena Gomez and iconic rappers B.o.B, Snoop Dogg, Pharrell Williams, and Kanye West.

20.    adidas also has used the Three-Stripe Mark in connection with its frequent sponsorship of athletic tournaments and organizations, as well as professional athletes and collegiate sports teams.  For example, adidas has had longstanding relationships with the University of California at Los Angeles, the University of Nebraska, the University of Louisville, the University of Michigan, and the University of Miami.  Among many others, adidas sponsors:

6-   COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

LEGAL125577586.1

(a) 2012 NFL Offensive Rookie of the Year Robert Griffin III; (b) NBA stars Tim Duncan, Dwight Howard, Damian Lillard, and Derrick Rose; (c) professional golfer Sergio Garcia; and (d) internationally famous soccer players David Beckham and Lionel Messi.  For decades, adidas also has sponsored the world-famous Boston Marathon, along with many other events, teams, and individuals.

21.     The Three-Stripe Mark is nonfunctional, and the public recognizes and understands that the Three-Stripe Mark distinguishes and identifies adidas's merchandise. Indeed, unsolicited media coverage has referred to "the iconic adidas three stripes" (Brettman, Allan, "World Cup Brings New Shoes, Uniforms from Adidas, Nike," *The Oregonian*, February 17, 2014), adidas's "trademark three-stripe sneakers" (Brettman, Allan, "Adidas lifts 2012 forecast as sales in China soar in Q1," *The Oregonian*, May 1, 2012), "the adidas stripes" (Brettman, Allan, "A $35 Swoosh of Genius," *The Oregonian*, June 16, 2011), adidas's "ubiquitous three stripes" (Brettman, Allan, "Going 'All In' Against Nike," *The Oregonian*, March 15, 2011), the "trademark three-stripe logo" (Pennington, Bill, "Belts That Do More Than Hold Up Pants," *New York Times*, July 27, 2009), the "iconic three stripes" ("Game Time," *Footwear News*, June 16, 2008), the "signature three stripes" (Moore, Booth, "Ringing Endorsements; Form Follows Function with Much Olympic Wear, but Fashion and Funding are also at Play," *L.A. Times*, August 13, 2004), the "famous brand with the three stripes" (Whiting, Sam, "Must Have," *San Francisco Chronicle*, July 7, 2002), and the "legendary Adidas three stripes" ("Coty Inc.," *Brand Strategy*, September 27, 1999).

22.     adidas also has collaborated extensively with fashion designers, including Stella McCartney, Jeremy Scott, and Yohji Yamamoto, to create high-end product lines that prominently feature the Three-Stripe Mark.  Specifically, and of particular importance here, in 2002, in collaboration with fashion designer Yohji Yamamoto, adidas introduced its Y-3 line of apparel featuring its Three-Stripe Mark.  Since launching the Y-3 line, adidas consistently has marketed, promoted, and sold it through higher-end channels of trade (such as boutique retail

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

stores and department stores like Saks Fifth Avenue) as well as the portion of adidas's e-commerce site devoted to the Y-3 line.  Examples of the Y-3 collection featuring adidas's Three-Stripe Mark are depicted below:






23.    The public recognizes the high-end Y-3 fashion brand with adidas.  Unsolicited media has referred to the Y-3 brand as the "Y [standing] for Yamamoto and the 3 [representing] the three signature stripes of the Adidas logo" (Albo, Mike, "Think of Adidas, by Way of Porsche," *The New York Times*, February 28, 2008), "Y-3 in reference to Yamamoto's initial and the Adidas logo of three stripes" (Vazquez, Annie, "Urban Sporty Look in Design District," *Miami Herald*, December 19, 2007), and "creative striped logos, sexy shapes and attention to details will raise the standards for active wear and have manufacturers sweating over how to copy it" (Herman-Cohen, Valli, "A French New Wave," *Los Angeles Times*, October 11, 2002).

8-    COMPLAINT

24.    Since its launch, the Y-3 line has achieved fame in the United States and abroad, and is the subject of an award-winning documentary film entitled *Yohji Yamamoto: This is My Dream* and a book entitled *10 Years of Y-3: The Book*, which was released in celebration of Y-3's ten-year anniversary.

25.    For decades, adidas extensively and continuously has used and promoted the Three-Stripe Mark in connection with footwear and apparel, including the Y-3 brand.  In recent years, annual sales of products bearing the Three-Stripe Mark have totaled in the billions of dollars globally and in the hundreds of millions of dollars within the United States.  The Three-Stripe Mark has achieved international fame and tremendous public recognition.

26.    Since introducing its Three-Stripe Mark, adidas has spent millions of dollars promoting the mark and products bearing the mark.  As but one example, in March 2011, adidas launched an advertising campaign in the United States "featuring Chicago Bulls guard Derrick Rose, rapper B.o.B and pop singer Katy Perry, among others," that "highlights [adidas's] imprint on the worlds of sports, music and fashion," and "show[s] the breadth and depth of the Adidas brand."  A March 15, 2011 article from *The Oregonian* describing the advertising campaign is attached as **Exhibit 9**.  As a result of adidas's continuous and exclusive use of the Three-Stripe Mark in connection with its products, the mark enjoys wide public acceptance and association with adidas, and has come to be recognized widely and favorably by the public as an indicator of the origin of adidas's goods.

27.    As a result of adidas's extensive use and promotion of the Three-Stripe Mark, adidas has built up and now owns extremely valuable goodwill that is symbolized by the mark. The purchasing public has come to associate the Three-Stripe Mark with adidas.

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

**B.    Marc Jacobs's Unlawful Activities**

28.    In blatant disregard of adidas's rights, Marc Jacobs has been designing, sourcing, manufacturing, distributing, marketing, promoting, offering for sale, and/or selling in interstate commerce apparel that bears confusingly similar imitations of adidas's Three-Stripe Mark. Specifically, Marc Jacobs has designed, sourced, manufactured, distributed, marketed, promoted, offered for sale, and/or sold the following apparel (the "Infringing Apparel").

 



10-  COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

29.    The Infringing Apparel bears four parallel stripes down the outer seam of the sleeves in a manner likely to be confused with adidas's famous Three-Stripe Mark.

30.    On information and belief, Marc Jacobs had knowledge of adidas's Three-Stripe Mark when it began designing, manufacturing, sourcing, distributing, marketing, promoting, offering for sale, and/or selling the Infringing Apparel.  On further information and belief, Marc Jacobs intentionally adopted and used confusingly similar imitations of the Three-Stripe Mark knowing that they would mislead and deceive consumers into believing that the apparel was produced, authorized, or licensed by adidas, or that the apparel originated from adidas.

31.    The Infringing Apparel designed, manufactured, sourced, distributed, marketed, promoted, offered for sale, and/or sold by Marc Jacobs has not been manufactured by adidas. Nor is Marc Jacobs associated or connected with adidas, or licensed, authorized, sponsored, endorsed, or approved by adidas in any way.

32.    adidas used the Three-Stripe Mark extensively and continuously before Marc Jacobs began designing, manufacturing, sourcing, distributing, marketing, promoting, offering for sale, and/or selling confusingly similar imitations of adidas's apparel.

33.    The Infringing Apparel is similar to, and competes with, apparel sold by adidas, and the parties' respective apparel is sold through overlapping channels of trade.

34.    Marc Jacobs's use of confusingly similar imitations of adidas's Three-Stripe Mark is likely to deceive, confuse, and mislead purchasers and prospective purchasers into believing that the apparel sold by Marc Jacobs is manufactured by, authorized by, or in some manner associated with adidas, which it is not.  The likelihood of confusion, mistake, and deception engendered by Marc Jacobs's infringement and dilution of adidas's mark is causing irreparable harm to the goodwill symbolized by the Three-Stripe Mark and the reputation for quality that it embodies.

35.    Marc Jacobs's activities are likely to cause confusion before, during, and after the time of purchase because purchasers, prospective purchasers, and others viewing Marc Jacobs's

11-  COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Infringing Apparel at the point of sale or on a wearer are likely—due to Marc Jacobs's use of confusingly similar imitations of the Three-Stripe Mark—to mistakenly attribute the apparel to adidas.  This is particularly damaging with respect to those people who perceive a defect or lack of quality in Marc Jacobs's products.  By causing a likelihood of confusion, mistake, and deception, Marc Jacobs is inflicting irreparable harm on the goodwill symbolized by the Three-Stripe Mark and the reputation for quality that it embodies.

36.    On information and belief, Marc Jacobs continues to use confusingly similar imitations of the Three-Stripe Mark in connection with the sale of apparel that competes with the apparel manufactured and sold by adidas.  Marc Jacobs began selling the Infringing Apparel well after adidas had established protectable rights in its Three-Stripe Mark and well after the Three-Stripe Mark had become famous.

37.    On further information and belief, Marc Jacobs knowingly, willfully, intentionally, and maliciously adopted and used confusingly similar imitations of adidas's Three-Stripe Mark.

## FIRST CLAIM FOR RELIEF
### (Federal Trademark Infringement)

38.    adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

39.    Defendant's use of confusingly similar imitations of adidas's Three-Stripe Mark is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendant's goods are manufactured, produced, distributed, endorsed, sponsored, approved, or licensed by adidas, or are associated or connected with adidas.

40.    Defendant has used marks confusingly similar to adidas's federally registered Three-Stripe Mark in violation of 15 U.S.C. § 1114.  Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, as well as injury to adidas's goodwill and reputation as

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

symbolized by the registered Three-Stripe Mark, for which adidas has no adequate remedy at law.

41.      Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's federally registered Three-Stripe Mark to adidas's great and irreparable injury.

42.      Defendant has caused and is likely to continue causing substantial injury to the public and to adidas, and adidas is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

## SECOND CLAIM FOR RELIEF
### (Federal Unfair Competition)

43.      adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

44.      Defendant's use of confusingly similar imitations of adidas's Three-Stripe Mark has caused and is likely to cause confusion, deception, and mistake by creating the false and misleading impression that the Infringing Apparel is manufactured or distributed by adidas, is affiliated, connected, or associated with adidas, or has the sponsorship, endorsement, or approval of adidas.

45.      Defendant has made false representations, false descriptions, and false designations of its goods in violation of 15 U.S.C. § 1125(a).  Defendant's activities have caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion and deception of members of the trade and public, and, additionally, injury to adidas's goodwill and reputation as symbolized by the Three-Stripe Mark, for which adidas has no adequate remedy at law.

46.      Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's Three-Stripe Mark to the great and irreparable injury of adidas.

13-  COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

47.     Defendant's conduct has caused, and is likely to continue causing, substantial injury to the public and to adidas.  adidas is entitled to injunctive relief and to recover Defendant's profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

**THIRD CLAIM FOR RELIEF**
**(Unfair and Deceptive Trade Practices)**

48.     adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

49.     Defendant has been and is passing off its goods as those of adidas, causing a likelihood of confusion or of misunderstanding as to the source, sponsorship, or approval of Defendant's apparel; causing a likelihood of confusion as to Defendant's affiliation, connection, or association with adidas; and otherwise damaging adidas and the consuming public. Defendant's conduct constitutes unfair and deceptive acts or practices in the course of a business, trade, or commerce in violation of the unfair and deceptive trade practices statutes of several states, including Oregon's Unlawful Trade Practices Act, O.R.S. §§ 646.605 to 646.656 (1997), as well as California CAL. BUS. & PROF. CODE § 17200, *et seq.* (West 2009); Colorado, COLO. REV. STAT. ANN. §§ 6-1-101 to 6-1-115 (West 2009); Delaware, DEL. CODE ANN. tit. 6, §§ 2531 to 2536 (2009); Georgia, GA. CODE ANN. §§ 10-1-370 to 10-1-375 (2009); Hawaii, HAW. REV. STAT. §§ 481A-1 to 481A-5 (2009); Illinois, ILL. COMP. STAT. ANN. ch. 815, 510/1 to 510/7 (2009); Maine, ME. REV. STAT. ANN. tit. 10, §§ 1211 to 1216 (West 2009); Minnesota, MINN. STAT. ANN. § 325D.43 to .48 (West 2009); Nebraska, NEB. REV. STAT. §§ 87-301 to 87-306 (2009); New Mexico, N.M. STAT. ANN. §§ 57-12-1 to 57-12-22 (Michie 2009); New York, N.Y. GEN. BUS. Law § 349 (McKinney 2009); Ohio, OHIO REV. CODE ANN. §§ 4165.01 to 4165.04 (Baldwin 2009); and Oklahoma, OKLA. STAT. ANN. tit. 78, §§ 51 to 55 (West 2009).

14-  COMPLAINT

50.     Defendant's unauthorized use of confusingly similar imitations of adidas's Three-Stripe Mark has caused and is likely to cause substantial injury to the public and to adidas. adidas is entitled to injunctive relief and to recover damages and, if appropriate, punitive damages, costs, and reasonable attorneys' fees.

### FOURTH CLAIM FOR RELIEF
### (Common Law Trademark Infringement and Unfair Competition)

51.     adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

52.     Defendant's acts constitute common law trademark infringement and unfair competition, and have created and will continue to create, unless restrained by this Court, a likelihood of confusion to the irreparable injury of adidas.  adidas has no adequate remedy at law for this injury.

53.     On information and belief, Defendant acted with full knowledge of adidas's use of, and statutory and common law rights to, the Three-Stripe Mark and without regard to the likelihood of confusion of the public created by Defendant's activities.

54.     Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's Three-Stripe Mark to the great and irreparable injury of adidas.

55.     As a result of Defendant's acts, adidas has been damaged in an amount not yet determined or ascertainable.  At a minimum, however, adidas is entitled to injunctive relief, to an accounting of Defendant's profits, damages, and costs.  Further, in light of the deliberately fraudulent and malicious use of confusingly similar imitations of adidas's Three-Stripe Mark, and the need to deter Defendant from engaging in similar conduct in the future, adidas additionally is entitled to punitive damages.

15-  COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

## FIFTH CLAIM FOR RELIEF
### (Federal Trademark Dilution)

56.    adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

57.    For decades, adidas has exclusively and continuously promoted and used the registered Three-Stripe Mark both in the United States and throughout the world.  The mark therefore had become a famous and well-known symbol of adidas and its products well before Defendant offered for sale the Infringing Apparel.

58.    Defendant is making use in commerce of marks that dilute and are likely to dilute the distinctiveness of adidas's Three-Stripe Mark by eroding the public's exclusive identification of the famous Three-Stripe Mark with adidas, tarnishing and degrading the positive associations and prestigious connotations of the Three-Stripe Mark, and otherwise lessening the capacity of the Three-Stripe Mark to identify and distinguish adidas's goods.

59.    Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with adidas's Three-Stripe Mark or to cause dilution of the Three-Stripe Mark to the great and irreparable injury of adidas.

60.    Defendant has caused and will continue to cause irreparable injury to adidas's goodwill and business reputation, and dilution of the distinctiveness and value of adidas's famous Three-Stripe Mark in violation of 15 U.S.C. § 1125(c).  adidas therefore is entitled to injunctive relief and to Defendant's profits, actual damages, enhanced profits and damages, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(c), 1116, and 1117.

## SIXTH CLAIM FOR RELIEF
### (State Trademark Dilution)

61.    adidas repeats and incorporates by reference the allegations in the preceding paragraphs.

16-  COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

LEGAL125577586.1

62.    adidas has extensively and continuously promoted and used the registered Three-Stripe Mark both in the United States and throughout the world, and the mark had thereby become a distinctive, famous, and well-known symbol of adidas's goods and services well before Defendant designed, sourced, manufactured, distributed, marketed, promoted, offered for sale, and/or sold the Infringing Apparel.  The Three-Stripe Mark is widely recognized by the general consuming public of the State of Oregon as a designation that adidas is the source of the goods bearing the Three-Stripe Mark.

63.    Defendant's unauthorized imitations of adidas's registered Three-Stripe Mark dilute and are likely to dilute the distinctiveness of adidas's mark by eroding the public's exclusive identification of this famous and well-known mark with adidas, and tarnishing and degrading the positive associations and prestigious connotations of the mark, and otherwise lessening the capacity of the mark to identify and distinguish adidas's goods and services.

64.    Defendant is causing and will continue to cause irreparable injury to adidas's goodwill and business reputation, and dilution of the distinctiveness and value of adidas's famous Three-Stripe Mark in violation of the Oregon anti-dilution statute, O.R.S. § 647.107 (2009), as well as the anti-dilution laws of several other states, including California, CAL. BUS. & PROF. CODE § 14247 (West 2009); Alabama, ALA. CODE § 8-12-17 (2009); Alaska, ALASKA STAT. § 45.50.180 (Michie 2009); Arizona, ARIZ. REV. STAT. ANN. § 44-1448.01 (West 2009); Arkansas, ARK. CODE ANN. § 4-71-213 (2009); Connecticut, CONN. GEN. STAT. ANN § 35-11i(c) (West 2009); Delaware, DEL. CODE ANN. tit. 6, § 3313 (2009); Florida, FLA. STAT. ANN. § 495.151 (West 2007); Georgia, GA. CODE ANN. § 10-1-451 (2009); Hawaii, HAW. REV. STAT. ANN. § 482-32 (Michie 2009); Idaho, IDAHO CODE § 48-513 (Michie 2009); Illinois, 765 ILL. COMP. STAT. ANN. 1036/65 (2009); Iowa, IOWA CODE ANN. § 548.113 (West 2009); Indiana, IN. CODE 24-2-13.5 (West 2009); Kansas, KAN. STAT. ANN. § 81-214 (2009); Louisiana, LA. REV. STAT. ANN. § 51:223.1 (West 2009); Maine, ME. REV. STAT. ANN. tit. 10, § 1530 (West 2000); Massachusetts, MASS. GEN.

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

LAWS. ANN. ch. 110H, § 13 (West 2009); Minnesota, MINN. STAT. ANN. § 333.285 (West 2009); Mississippi, MISS. CODE. ANN. § 75-25-25 (2009); Missouri, MO. ANN. STAT. § 417.061(1) (West 2009); Montana, MONT. CODE ANN. § 30-13-334 (2009); Nebraska, NEB. REV. STAT. ANN. § 87-140 (Michie 2009); Nevada, NEV. REV. STAT. 600.435 (2007); New Hampshire, N.H. REV. STAT. ANN. § 350-A:12 (2009); New Jersey, N.J. STAT. ANN. 56:3-13.20 (West 2009); New Mexico, N.M. STAT. ANN. § 57-3B-15 (Michie 2009); New York, N.Y. GEN. BUS. Law § 360-l (2009); Pennsylvania, 54 PA. CONS. STAT. ANN. § 1124 (West 2009); Rhode Island, R.I. GEN. LAWS § 6-2-12 (2009); South Carolina, S. C. CODE ANN. § 39-15-1165 (2009); Tennessee, TENN. CODE ANN. § 47-25-513 (2009); Texas, TEX. BUS. & COM. CODE ANN. § 16.29 (Vernon 2009); Utah, UT. CODE ANN. § 70-3a-403 (2009); Washington, WASH. REV. CODE ANN. § 19.77.160 (West 2009); West Virginia, W.V. STAT. ANN. 47-2-13 (Michie 2009); and Wyoming, WYO. STAT. ANN. § 40-1-115 (Michie 2009). adidas therefore is entitled to injunctive relief, damages, and costs, as well as, if appropriate, enhanced damages and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, adidas prays that:

1. Defendant and all of its agents, officers, employees, representatives, successors, assigns, attorneys, and all other persons acting for, with, by, through, or under authority from Defendant, or in concert or participation with Defendant, and each of them, be enjoined permanently, from:

   a. manufacturing, sourcing, distributing, marketing, promoting, offering for sale, or selling the Infringing Apparel;

   b. using any trademark, logo, design, or source designation of any kind on or in connection with Defendant's goods that is confusingly similar to adidas's Three-Stripe Mark;

18- COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

LEGAL125577586.1

c.  using any trademark, logo, design, or source designation of any kind on or in connection with Defendant's goods that is likely to cause confusion, mistake, deception, or public misunderstanding that such goods are produced or provided by adidas, are sponsored or authorized by adidas, or are in any way connected or related to adidas;

d.  using any trademark, logo, design, or source designation of any kind on or in connection with Defendant's goods that dilutes or is likely to dilute the distinctiveness of the trademarks or logos of adidas; and

e.  passing off, palming off, or assisting in passing off or palming off Defendant's goods as those of adidas, or otherwise continuing any and all acts of unfair competition as alleged in this Complaint;

2.   Defendant be ordered to deliver up for impoundment and for destruction all apparel, boxes, labels, tags, signs, packages, receptacles, advertising, sample books, promotional material, stationery, or other materials in the possession, custody, or under the control of Defendant that are found to adopt, use, feature, infringe, or dilute any of adidas's trademarks or that otherwise unfairly compete with adidas or adidas's products;

3.   Defendant be compelled to account to adidas for any and all profits derived by Defendant from the sale or distribution of the Infringing Apparel;

4.   adidas be awarded all damages caused by the acts forming the basis of this Complaint;

5.   Based on Defendant's knowing and intentional use of confusingly similar imitations of adidas's Three-Stripe Mark, the damages award be trebled and the award of Defendant's profits be enhanced as provided for by 15 U.S.C. § 1117(a) and (b);

19-  COMPLAINT

**Perkins Coie** LLP
1120 N.W. Couch Street, Tenth Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

6.    Defendant be required to pay to adidas the costs and reasonable attorneys' fees incurred by adidas in this action pursuant to 15 U.S.C. § 1117(a) and the state statutes cited in this Complaint;

7.    Based on Defendant's willful and deliberate infringement and/or dilution of adidas's Three-Stripe Mark, and to deter such conduct in the future, adidas be awarded punitive damages;

8.    Defendant be required to pay prejudgment and post-judgment interest on the damages and profits awards; and

9.    adidas have such other and further relief as the Court may deem just.

## JURY TRIAL DEMAND

adidas respectfully demands a trial by jury on all claims and issues so triable.

DATED:  April 8, 2015                      PERKINS COIE LLP

                                           By: /s/ Stephen M. Feldman
                                               Stephen M. Feldman, OSB No. 932674
                                               SFeldman@perkinscoie.com
                                               Kristina J. Holm, OSB No. 112607
                                               KJHolm@perkinscoie.com
                                               1120 N.W. Couch Street, Tenth Floor
                                               Portland, OR  97209-4128
                                               Telephone:  503.727.2000

                                               Attorneys for Plaintiffs

20-  COMPLAINT

LEGAL125577586.1